**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICHARD ARMATROUT as Executor**
**of the Estate of Karen Armatrout,**

    **Plaintiff,**

v.                                                      **Case No.  8:07-cv-1113-T-30TBM**

**WAL-MART STORES, INC. and**
**WAL-MART STORES, INC.**
**CORPORATION GRANTOR TRUST,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Wal-Mart Stores, Inc. And Wal-Mart Stores, Inc. Corporation Grantor Trust's Motion to Dismiss and Motion to Strike First Amended Complaint (Dkt. #19), Plaintiff's Response in Opposition (Dkt. #20), Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #21), Plaintiff's Response in Opposition (Dkt. #22), Defendants' Notice of Filing (Dkt. #24), and Plaintiff's Supplemental Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #33).  The Court, having considered the motions, responses, memoranda, oral argument of the parties on December 6, 2007, deferred ruling in order to allow discovery as to the amount in controversy, and being otherwise advised in the premises, concludes that the amount in controversy is less than $75,000 as required by 28 U.S.C. § 1332(a).

On March 6, 2008, Plaintiff filed a Supplemental Response to Defendants' Motion to Dismiss for Lack of Subject matter Jurisdiction (Dkt. #33) acknowledging that Wal-Mart received $72,820.30 in insurance policy benefits from Karen Armatrout's death. The Amended Complaint (Dkt. #13) requests the following relief, in pertinent part: (i) a final judgment declaring that Defendants did not have an insurable interest in the life of Karen Armatrout and awarding her estate all benefits received by Wal-Mart; (ii) costs and pre-judgment and post-judgment interest; and (iii) all other relief to which the Estate is entitled.[1] Title 28 U.S.C. § 1332 specifically excludes interest and costs from the amount in controversy calculation, as follows:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds that sum or value of $75,000, *exclusive of interest and costs*, and is between citizens of different states. 28 U.S.C. §1332 (a)(1) (emphasis added).

Based on the foregoing, the Court concludes that Plaintiff's claim is actually for less than the required jurisdictional amount. Accordingly, Plaintiff's First Amended Class Action Complaint should be dismissed for lack of subject matter jurisdiction.

---

[1] Plaintiff requests the Court to maintain this suit as a class action on behalf of the other estates of Wal-Mart rank-and-file Florida employees, however, Plaintiff must first satisfy federal diversity jurisdictional amount in controversy requirements. Federal courts may exercise supplemental jurisdiction over the claims of class members whose claims are for less than $75,000, provided that "at least one named plaintiff in the action satisfies the amount-in-controversy requirement." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 546 (2005).

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Wal-Mart Stores, Inc. And Wal-Mart Stores, Inc. Corporation Grantor Trust's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #21) is **GRANTED**.

2. The Clerk is directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1113.mtd 21.wpd